IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-00461-SBP

RYAN HORACE,

    Plaintiff,

v.

CINCINNATI INSURANCE COMPANY,

    Defendant.

___

**ORDER GRANTING DEFENDANT'S PARTIAL MOTION TO DISMISS PLAINTIFF'S SECOND CLAIM FOR RELIEF**

___

**Susan Prose, United States Magistrate Judge**

This case is before the court on Defendant Cincinnati Insurance Company's Partial Motion to Dismiss Plaintiff's Second Claim For Relief–Deceptive Practices C.R.S. § 10-3-1104(1). ECF No. 9 (the "Partial Motion"). The undersigned presides with the parties' unanimous consent (ECF No. 12), the Order of Reference dated April 8, 2024 (ECF No. 23), and pursuant to section 28 U.S.C. § 636(c)(1). For the reasons stated below, the court GRANTS the Partial Motion.

## BACKGROUND

On January 24, 2024, Plaintiff Ryan Horace filed a Complaint in the District Court for Adams County, bringing claims against Defendant Cincinnati Insurance Company ("Cincinnati Insurance") for breach of contract, deceptive practices, improper denial of claims, and declaratory judgment. ECF No. 3 ¶¶ 36-61. These claims arise out of a dispute between Mr.

Horace and Cincinnati Insurance over the terms of their insurance contract after Mr. Horace's car accident on January 1, 2024. *Id*. ¶¶ 6-35.

On February 23, 2024, Cincinnati Insurance filed an Answer denying all allegations. ECF. No. 8 ¶¶ 36-61. On the same day, Cincinnati Insurance filed a Partial Motion to dismiss Mr. Horace's deceptive practices claim on the grounds that, as a matter of law, Mr. Horace cannot assert a private cause of action under the Colorado Unfair Competition–Deceptive Practices Act, Colo. Rev. Stat. § 10-3-1104(1) ("UCDPA"). ECF No. 9 at 2. On March 15, 2024, Mr. Horace filed a Response to the Partial Motion, arguing that he has standing to seek relief under the UCDPA because the statute contains a standard of care for insurers on which juries may be instructed. ECF No. 19 at 2. On March 29, 2024, Cincinnati Insurance filed a Reply in support of its Partial Motion, reasserting its argument that the UCDPA does not authorize a private cause of action, and that Mr. Horace's second claim for relief should therefore be dismissed as a matter of law. ECF No. 21.

## LEGAL STANDARDS

A party may file a motion for judgment on the pleadings "after the pleadings are closed." Fed. R. Civ. P. 12(c). Rule 12(c) motions and Rule 12(b)(6) motions to dismiss are governed by the same legal standard. Each tests the sufficiency of the complaint's allegations. *Corder v. Lewis Palmer Sch. Dist. No. 38*, 566 F.3d 1219, 1223-24 (10th Cir. 2009). To survive a Rule 12(c) motion, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *TON Servs., Inc. v. Qwest Corp.*, 493 F.3d 1225, 1236 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim may be dismissed under Rule 12(c) "either because it asserts a legal theory not cognizable as a matter of law or because the claim

2

fails to allege sufficient facts to support a cognizable legal claim." *Essex Ins. Co. v. Tyler*, 309 F. Supp. 2d 1270, 1271 (D. Colo. 2004). This court accepts as true all well-pleaded allegations and views those allegations in the light most favorable to the non-moving party. *Sanders v. Mountain Am. Fed. Credit Union*, 689 F.3d 1138, 1141 (10th Cir. 2012); *Casanova v. Ulibarri*, 595 F.3d 1120, 1124-25 (10th Cir. 2010). A complaint need not have a "technical form." Fed. R. Civ. P. 8(d)(1). But it may not rely on mere legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This court grants a Rule 12(c) motion only if "the moving party clearly establishes that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." *Ciber Inc. v. ACE Am. Ins. Co.*, 261 F. Supp. 3d 1119, 1125 (D. Colo. 2017) (quoting *Park Univ. Enters., Inc. v. Am. Cas. Co.*, 442 F.3d 1239, 1244 (10th Cir. 2006)). When ruling on such a motion, the court considers "the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case." *Tuttle v. Nationwide Affinity Ins. Co. of Am.*, No. 19-cv-00526-NYW, 2019 WL 2208513 (D. Colo. May 22, 2019) (quoting *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011)).

## ANALYSIS

A federal court sitting in diversity applies the substantive law of the state where it is located. *See Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938). This court therefore analyzes Mr. Horace's second claim for relief under Colorado law. This court interprets state statutes to give effect to the intent of the state legislature that enacted them.

The plain language and structure of the statute support Cincinnati Insurance's argument

3

that Mr. Horace may not bring a private cause of action under the UCDPA. Part 11 of Colorado Revised Statutes Title 10 regulates "trade practices in the business of insurance." § 10-3-1101. The UCDPA defines "unfair methods of competition and unfair or deceptive acts or practices in the business of insurance." *Id.* § 10-3-1104(1). The state commissioner of insurance is authorized to enforce sections 10-3-1101 through 10-3-1112, which include the UCDPA. *See Schnacker v. State Farm Mut. Auto. Ins. Co.*, 843 P.2d 102, 104 (Colo. App. 1992). The commissioner may investigate "any unfair method of competition" or "any unfair or deceptive act or practice" described in part 11. Colo. Rev. Stat. § 10-3-1106. If the commissioner finds wrongdoing, he may enforce specified penalties, such as payment of fines and suspension of licenses. *Id.* §§ 10-3-1107 to 10-3-1112. Private parties may bring causes of action only under sections 10-3-1115 and 10-3-1116. *See id.* § 10-3-1114 ("Except as provided in sections 10-3-1115 and 10-3-1116, nothing in this part 11 shall be construed to create a private cause of action based on alleged violations of this part 11 or to abrogate any common law contract or tort cause of action.").

The case law further buttresses Cincinnati Insurance's interpretation of the statutory scheme. Colorado courts have repeatedly held that the UCDPA does not create a private cause of action. *See, e.g.*, *Am. Family Mut. Ins. Co. v. Allen*, 102 P.3d 333, 344 (Colo. 2004) ("The Unfair Claims Practices Act regulates the conduct of the insurance industry but does not create a private right of action."); *Showpiece Homes Corp. v. Assurance Co. of Am.*, 38 P.3d 47, 51 (Colo. 2001) ("[N]o private right of action may be maintained under the UCDPA."); *Farmers Group, Inc. v. Trimble*, 658 P.2d 1370, 1378 (Colo. App. 1982) ("We conclude that this statute may not serve as the sole basis for a civil action instituted by private citizens allegedly aggrieved by the conduct of their insurers."). Colorado courts have concluded that the General Assembly vested

the commissioner of insurance, not private parties, with the power to enforce the UCDPA. *Allen*, 102 P.3d at 344; *Showpiece Homes Corp.*, 38 P.3d at 51; *Trimble*, 658 P.2d at 1377-78.

Mr. Horace nevertheless argues that this court should interpret the UCDPA to allow him standing to seek relief. ECF No. 19 at 2. First, he claims that to deny him the relief that he seeks would create a technical pleading requirement, which would violate the court's obligation to construe pleadings "so as to do justice." *Id*. at 6; Fed. R. Civ. P. 8(d)(1) ("Each allegation must be simple, concise, and direct. No technical form is required."); *id*. 8(e). But it is no mere technicality that the Colorado General Assembly established a statutory scheme that expressly forbids a private party from asserting the type of claim that Mr. Horace seeks to bring. And ignoring the clear intent of the state legislature would not advance the interests of justice.

Second, Mr. Horace argues that because juries may use the UCDPA as evidence of the standard of care by which insurers must abide in cases brought under sections 10-3-1115 and 10-3-1116, a private party may assert a cause of action under the UCDPA. ECF No. 19 at 7; Colo. Rev. Stat. § 10-3-1113. That the UCDPA forms the basis of jury instructions in cases brought under separate statutes is irrelevant to pleading standards. Mr. Horace's interpretation would undermine the statutory scheme that the state legislature enacted. Courts are loathe to adopt interpretations of statutes that would yield significant policy changes. This court finds it unlikely that the legislature hid this elephant in a mousehole. *Whitman v. Am. Trucking Associations*, 531 U.S. 457, 468 (2001) ("Congress, we have held, does not alter the fundamental details of a regulatory scheme in vague terms or ancillary provisions—it does not, one might say, hide elephants in mouseholes.").

Further, Mr. Horace cites no case law that countenances his effort to circumvent the

5

UCDPA's prohibition against private causes of action. Neither *Vaccaro v. Am. Fam. Ins. Grp.*, 275 P.3d 750 (Mar. 15, 2012), nor *Reyher v. State Farm Mut. Auto. Ins. Co.*, 171 P.3d 1263 (Colo. App. 2007)—the only two cases that Mr. Horace cites in support of this line of reasoning—involves a private party successfully asserting a cause of action under the UCDPA. In *Vaccaro*, a plaintiff raised claims for breach of contract and unreasonable denial of benefits under sections 10-3-1115 and 10-3-1116. In *Reyher*, the Colorado Division of Insurance used the UCDPA as a basis for determining whether an insurance company violated one of its regulations. These cases say nothing that pertains to the issues that the Partial Motion raises.

This court finds no reason in this case to disregard the UCDPA's plain meaning and the abundant judicial precedents enforcing that meaning. No amendment can cure the defect in this part of the Complaint because the UCDPA does not create a private cause of action. Accordingly, the court GRANTS the Partial Motion with prejudice.

## CONCLUSION

For each of the foregoing reasons, the court GRANTS Cincinnati Insurance's Partial Motion for Judgment on the Pleadings (ECF No. 9) and DISMISSES that part of the Complaint with prejudice.

DATED: June 20, 2024                    BY THE COURT:

 

_____
Susan Prose
United States Magistrate Judge